## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## BILLINGS DIVISION

KEITH HAMMOND,                )
                             )
      Plaintiff,          )
                             )
vs.                          )        Cause No. CV-20-66-BLG-SPW
                             )
WEATHORFORD U.S., L.P., and   )
ANDREW E. NETZ,              )
                             )
      Defendants.         )

## STIPULATED PROTECTIVE ORDER

THIS MATTER came before the Court upon the parties' stipulation to a protection order pursuant to Fed. R. Civ. P. 26(c). The Court being fully advised in the premises, finds and orders as follows:

Because discovery in this litigation (the "Action") requires the disclosure of information and production of documents or other materials containing confidential, proprietary or otherwise sensitive information of the parties, and in order to facilitate discovery in this Action, the Court, pursuant to Federal Rule of Civil Procedure 26(c)(1)(G) and (2), enters this Stipulated Protective Order.

IT IS HEREBY ORDERED that documents containing confidential and sensitive information that Defendant Weatherford, U.S., L.P. will be providing in

discovery shall be subject to this protective order and the documents and information therein held confidential by all parties and their attorneys.

1.      Defendant Weatherford, U.S., L.P., responding to Plaintiff's Fed. R. Civ. P. 30(b)(2) Notice, have identified responsive documents, which this Court Orders be subject to this Protective Order.

2.      All materials provided, and all copies thereof, shall not be disclosed, or re-disclosed, except as provided in this *Stipulated Protective Order*.

3.      Materials provided shall be maintained in confidence by the party or parties to whom such materials are produced or given, shall be used in connection with this Action only, and shall not be disclosed to any person except:

      a.      the Court and its personnel;

      b.      attorneys of record to a party and their secretaries, paralegals, and other law firm employees who have a need to review the materials;

      c.      the parties to this action – in the case of an individual who is a party, to the individual only;

      d.      third parties engaged by counsel or the parties to assist in this litigation to whom disclosure is reasonably necessary, provided that each such third party has signed a notice of confidentiality;

      e.      potential or actual witnesses (including, but not limited to, deposition witnesses) and their personal attorneys who counsel for a party believes in good faith to have a need to review material designated as Confidential, provided that each such potential or actual witness (including, but not limited to, deposition witness) and counsel have signed a notice of confidentiality;

f.     clerical or ministerial service providers, such as outside copying services or litigation support personnel;

g.     court reporters and persons preparing transcripts of or recording testimony;

h.     the author or recipient of a document containing the information;

i.     expert witnesses, provided that each such third party has signed a notice of confidentiality.

4.     Materials provided shall be collectively referred to herein as "Confidential Information."

5.     All Confidential Information referenced in or filed as exhibits to any brief, memorandum, pleading or at any hearing or trial in this matter, and all depositions filed with the Court in which Confidential Information is disclosed or discussed, by way of testimony, exhibits or otherwise, shall be filed with the Court under seal or as a non-public document, and shall be marked with the following legend: CONFIDENTIAL: SUBJECT TO PROTECTIVE ORDER.  To the extent feasible, all Confidential Information referenced in or filed as exhibits to any brief, memorandum, pleading or at any hearing or trial in this matter, and all depositions filed with the Court in which Confidential Information is disclosed or discussed, by way of testimony, exhibits or otherwise, shall be prepared in such a manner that the Confidential Information is bound separately from information that is not entitled to protection under this Stipulated Protective Order.

3

6.     After termination of this Action, whether by trial, appeal, settlement or otherwise, the provisions of this *Stipulated Protective Order* with respect to the use and dissemination of Confidential Information shall continue to be binding. Termination of this action shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.  As soon as the Action terminates, the Parties agree to promptly discuss a plan for the retention, destruction, or return of all copies of any Confidential Information received by opposing counsel.

7.     This *Stipulated Protective Order* has no effect upon, and its scope shall not extend to, any party's use of its own Confidential Information.

8.     This *Stipulated Protective Order* can be modified only by written agreement of the parties or by Order of this Court.  Each party reserves the right to object to any party's motion or request to modify this *Stipulated Protective Order*. If the parties disagree as to whether certain documents or other materials should be labeled CONFIDENTIAL DOCUMENT and subject to this *Stipulated Protective Order*, they shall attempt to resolve their differences in good faith before bringing the matter to the Court for resolution.

9.     In the event of disclosure of any Confidential Information to a person not authorized for access to such material under the terms of this Order, the party responsible for having made, and any party with knowledge of such disclosure shall immediately inform counsel for the party whose Confidential Information has thus been disclosed of all known relevant information concerning the nature and the circumstances of the disclosure.  The responsible party shall also promptly take all reasonable measures to recover the improperly disclosed material and ensure that no further or greater unauthorized disclosure of such information or material is made by anyone and each party will cooperate in good faith in that effort.

10.     The receiving party understands and agrees that monetary damages will not sufficiently compensate the producing party for the unauthorized use or disclosure of Confidential Information in contravention to the terms of this *Stipulated Protective Order* and that injunctive relief will be appropriate to prevent the actual or threatened use and/or disclosure of Confidential Information in contravention to the terms of this *Stipulated Protective Order*.

11.     If Confidential Information in the possession, custody or control of a party to this *Stipulated Protective Order* is sought by subpoena or any other form of discovery request or compulsory process that does not arise in the present action, the party to whom the subpoena, process or discovery request is directed shall, by the third business day after receipt thereof, give written notice by email,

hand-delivery or facsimile of such process or request, together with a copy thereof, to opposing counsel. The burden of opposing the enforcement of the subpoena, discovery request or process shall fall upon the Defendant. Unless the Defendant obtains a court order directing that the subpoena, discovery request or process not be complied with, and serves such order upon the Plaintiff by hand-delivery prior to the date for production pursuant to the subpoena, discovery request or process, the Plaintiff shall be permitted to produce documents responsive to the subpoena, discovery request or process on the required response date, and said production shall not constitute a violation of this *Stipulated Protective Order*.

12.    The provisions of this *Stipulated Protective Order* shall be binding upon the parties hereto, their successors, representatives and assigns, as well as all counsel for the parties hereto, as soon as it is signed by Counsel. The parties agree to be bound by the terms of this *Stipulated Protective Order* and submit to the jurisdiction of this Court for the purpose of enforcement of this Order only and without waiving jurisdiction and/or venue challenges for any other purpose or cause of action.

DATED and SIGNED this __26__ day of October, 2021.

Susan P. Watters

SUSAN P. WATTERS
U. S. DISTRICT COURT JUDGE

6

APPROVED AS TO FORM:

Attorney for the Defendants:

/s/Jon T. Dyre

Crowley Fleck PLLP
490 North 31st Street, Suite 500
P.O. Box 2529
Billings, MT 59103-2529
(406) 252-3441

Attorneys for the Plaintiffs:

/s/Ian K. Sandefer

Ian K. Sandefer
Sandefer & Woolsey
Trial Lawyers, LLC
143 North Park Street
Casper, WY 82601
 (307) 232-1977

Mark D. Parker
PARKER,          HEITZ          &
COSGROVE, PLLC
401 N. 31st Street, Suite 805
P.O. Box 7212
Billings, Montana 59103
Ph: (406) 245-9991

And

Robert G. Pahlke
The Robert Pahlke Law Group
2425 Circle Drive, Suite 200
Scottsbluff, NE 69361
(308) 633–4444